ERNEST J. DIENST and JOSEPHINE DIENST, his wife, complainants,

*v.*

GEORGE J. WAGNER et al., defendants.

[Decided May 24th, 1932.]

*Mr. Arthur E. Dienst,* for the complainants.

*Mr. Louis B. Zavin,* for the defendants.

BACKES, V. C.

Motion is made to strike the bill, which is in two counts, on the grounds that it discloses no equitable ground for relief and that the complainants have an adequate remedy at law.

It appears that the defendants owned a plot of ground fronting seven hundred and ninety and eighty-five-one-hundredths feet on Long avenue, Hillside township, Union county, plotted into lots facing Long avenue, thirty-five feet in width and one hundred feet in depth, as shown on a map of the plot designated the "Stoveken tract." In August, 1926, the defendants sold to complainants lots 48, 49 and 50, with the dwelling thereon, and in October conveyed them, by an appropriate description, "one hundred and five feet along the northerly line of Long avenue and one hundred feet in depth." The lots did not, in fact, abut on Long avenue, but on a strip extending along the northerly line of the avenue seven hundred and ninety and eighty-five-one-hundredths feet, the length of defendant's plot, thirteen and eighty-four-one-hundredths feet in width at the easterly end and gradually diminishing to seven and fifty-one-hundredths feet at the westerly end of the plot. This strip, it is charged, the defendants agreed would be thrown into Long avenue to widen it to fifty feet and should be dedicated to the public as part of the highway to be used for a sidewalk, and the map so indicates. It is further charged that the complainants and defendants, in fact, widened the avenue, laid sidewalks, and dedicated the strip to public use, and that the complainants have ever since used the strip as part of the highway. In June, 1928, the defendants, in breach of their agreement to dedicate it, sold the fee to the strip to the township of Hillside for $8,587.50 "to be used for the purpose of widening Long avenue to be used for highway purposes in connection therewith" and the township has levied an assessment against the complainants for, among other things, the purchase price of the strip. The prayers are numerous, but none is for the relief to which the complainants are entitled. It may, however, be afforded under the prayer for general relief.

The complainants cannot defend as against the assessment; the township was an innocent purchaser and has the right to

levy for the price it paid to the extent of the benefit conferred. The defendants are responsible for the complainants' predicament; had they discharged their agreement to dedicate instead of selling the strip, the complainants' land would not be assessable for the purchase price. Having broken their promise and the consequences being visited upon complainants, it is but just that the defendants indemnify them; that is the equity to which the complainants are entitled and which they seek to enforce. The defendants must answer the bill.

The motion to strike the bill is denied, with costs and $25 counsel fee.